UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JR14, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4: 17 CV 1469 RWS |
| JETCORP TECHNICAL SERVICES, INC., d/b/a FLYING COLOURS CORP., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff hired defendant to inspect an airplane before plaintiff purchased it. Plaintiff alleges that defendant failed to disclose that the engines were not in compliance with FAA regulations prior to plaintiff's purchase of the aircraft and that it failed to discover and/or disclose other deficiencies as well. Plaintiff brings claims against defendant for breach of contract, negligence, and negligent misrepresentation, as well as violations of consumer protection statutes under Missouri and Illinois law.

Defendant moves to dismiss plaintiff's tort claims as barred by Missouri's economic loss doctrine and the claims brought under the Missouri Merchandising Practices Act and the Illinois Consumer Fraud and Deceptive Trade Practices Act. To decide a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must assume all the facts alleged in the complaint are true and liberally construe the complaint in the light most favorable to the plaintiff. *Foster v. Deutsche Bank Nat. Trust Co.*, 2012 WL 5285887, at *2 (E.D. Mo. Oct. 25, 2012) (citing *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008)). The allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir.2004); *Baily Int'l, Inc. v. Harcros Chemicals, Inc.*, No. 4:14-CV-1708 JAR, 2015 WL 1781672, at *1 (E.D. Mo. Apr. 15, 2015).

Defendant argues that Missouri's economic loss doctrine precludes plaintiff's tort claims. Missouri's economic loss doctrine precludes tort liability in those cases in which the plaintiff seeks recovery solely for economic losses. *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905-06 (8th Cir. 2013); *Rockport Pharmacy, Inc.v. Digital Simplistics, Inc.*, 53 F.3d 195, 197 (8th Cir. 1995). The economic loss doctrine, however, does not apply and preclude tort liability in an action based on the negligent rendition of services by a professional. *Id.* at 199 (citing *Business Men's Assurance Co. of America v. Graham*, 891 S.W.2d 438, 454 (Mo. Ct. App. 1994)). This exception is applied to negligence claims involving defendants who have been held to a professional, rather than an ordinary, standard of care and who have provided professional services to the plaintiff. *Rockport*, 53 F.3d at 453. A second exception applies where the negligent act or omission which breaches the contract may serve as a basis for an action in tort. *Union Elec. Co. v. Chicago Bridge & Iron Co.*, 2015 WL 1262941, at *6 (E.D. Mo. Mar. 19, 2015). "If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement." *Id.* (quoting *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 2008 WL 5423440, at *2 (E.D. Mo. Dec. 29, 2008)).

Here, plaintiff argues that defendant's inspection services are professional services and that its tort claims are not precluded by the economic loss doctrine. Plaintiff points to the fact that defendant was hired to determine, among other things, whether the airplane met the FAA's requirements to be considered airworthy. Additionally, plaintiff alleges that defendant owed it a duty to exercise care in the performance of the inspection and to carefully, accurately, and properly perform its pre-purchase inspection and a duty of care to review the aircraft records and log books to ensure that it complied with FFA regulations. Given these allegations, it would be premature at this stage of the proceedings to conclude that plaintiff's allegations arise solely in contract and dismiss plaintiff's tort claims as barred by the economic loss doctrine. Accordingly, defendant's motion to dismiss plaintiff's negligence and negligent misrepresentation claims will be denied. *See Baily Int'l, Inc. v. Harcros Chemicals, Inc.*, No. 4:14-CV-1708 JAR, 2015 WL 1781672, at *1–2 (E.D. Mo. Apr. 15, 2015); Liberty Mutual Fire Ins. Co. v. Centimark Corp., 4:08-CV-230 DJS, 2008 WL 5423440, at *2 (E.D. Mo. Dec. 29, 2008); *City of Kennett v. Wartsila North America, Inc.*, 4:05-CV-114 HEA, 2005 WL 3274334, at *2 (E.D. Mo. Dec. 2, 2005).

Defendant's argument that plaintiff has not properly pled its MMPA claim will be denied as plaintiff has adequately alleged the necessary elements for such a claim. Plaintiff alleged that it "purchased the Aircraft for primarily personal, family or household purposes." (Doc. # 1 at 15).

Plaintiff's claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act must be dismissed as the act does not apply "to fraudulent transactions which take place outside Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005). Given plaintiff's allegation that "a substantial part of the events or omissions giving rise to the claims

3

occurred" in Missouri, plaintiff's claim under Illinois law must be dismissed. This is especially true in light of the Illinois state court's prior opinion that Illinois lacked personal jurisdiction over defendant in this dispute because the airplane was located in Missouri and defendant performed its evaluation of the airplane in Missouri. [Doc. # 14-1].

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [13] is granted <u>only</u> as follows: Count IV of the complaint is dismissed. In all other respects, the motion to dismiss is denied.

This case will be set for a Rule 16 conference by separate Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2017.