UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JR14, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4: 17 CV 1469 RWS |
| | ) |
| JETCORP TECHNICAL SERVICES, INC., | ) |
| d/b/a FLYING COLOURS CORP., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's second "motion for settlement." [53]. The Court denied the first motion because defendant provided no legal authority for requesting such relief. In its second motion, defendant seeks relief under Missouri's joint tortfeasor statute, Mo. Rev. Stat. § 537.060. Defendant again asks the Court to enter an Order finding that "the settlement of this case was just, fair, and reasonable, and entered into in good faith, [and] barring any present or future third-party claims or cross-claims against Flying Colors for contribution, equitable indemnity, or implied indemnity."

Although it appears that the settlement of this case was entered into in good faith, defendant has provided no legal authority for the Court to enter a blanket order barring any present or future third-party claims or cross-claims against Flying Colors for contribution, equitable indemnity, or implied indemnity. In each of the cases cited by defendant, the court was asked to decide the settling tortfeasors' release from liability in relation to specifically identified claims and joint tortfeasors who raised the issue of indemnity or contribution with the Court, and in the contexts of dismissals or motions for summary judgment. That is not the situation presented here. Moreover, Missouri's statute does not bar all types of indemnification claims.

While defendant may certainly be able to use a good faith settlement as a shield to bar joint tortfeasors from seeking contribution or indemnity, it has provided the Court with no authority demonstrating that it can enter the type of Order requested here. Moreover, there is no indication that the joint tortfeasors (Aurum Jets and Primestar Aviation) are even aware of the settlement and request for settlement approval. If these joint tortfeasors object to such an Order, it appears that the Illinois judge presiding over plaintiff's case against those tortfeasors may be the more appropriate judge to render findings about the nature of the settlement and its effect on any contribution claims.

The Court will require defendant to serve a copy of its motion and supporting memorandum, together with a copy of this Memorandum and Order, on third-party defendants Aurum Jets and Flight Check Business Aviation Servs., Inc. In addition, defendant should supplement its motion with copies of Missouri cases entering the same kind of Order being requested here and copies of those Orders. If none exist, defendant is obligated to so inform the Court. Once the Court receives this additional information, it will then decide whether to set this motion for hearing. If the defendant cannot provide the Court with any controlling or persuasive authority as requested, it may choose to withdraw this motion and proceed with the dismissal of this case in accordance with the March 5, 2018, Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall serve a copy of its second motion for settlement [53], supporting memorandum [54], and this Memorandum and Order on the third-party defendants in this case by no later than **May 1, 2018**. **If the third-party defendants wish to file any objection to this motion, they must do so by no later than May 16, 2018, and they are granted leave by the Court to file an objection in this case without further Order of this**

**Court.  If third-party defendants fail to file a timely objection to defendant's motion for settlement, they waive their right to do so in this proceeding.**

**IT IS FURTHER ORDERED** that defendant must file a certification indicating that it has complied with this Memorandum and Order by no later than **May 2, 2018**.  By that same date, defendant shall either supplement its motion with the authorities requested by the Court or file a memorandum indicating that it has been unable to locate any such authorities.  If defendant wishes to withdraw its motion, it shall do so by **May 2, 2018**, and the parties shall file their dismissal papers by **May 4, 2018**, or this action will be dismissed with prejudice.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2018.